UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:22 CR 00305 SEP/NCC ) |
| TURHAN ROBINSON, JR., | ) ) |
| Defendant. | ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jeannette S. Graviss, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

**Grounds for Detention**

1.      The defendant is charged in Count 1 with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.).  *See* 18 U.S.C. § 3142(f)(1)(C).

**Presumption of Detention**

2.      The defendant is charged with an offense for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), conspiracy to

1

distribute and possess with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1) and 846.  *See* 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C).

3. The defendant is charged in Count 2 with an offense under Title 18, United States Code, Section 924(c).  *See* 18 U.S.C. 3142(e)(3)(B).

4. The charges in Counts 1 and 2 triggers a rebuttable presumption of detention pursuant to Title 18, United States Code, Sections 3142(e)(3)(A).  There are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

## The Nature and Circumstances of the Offense

5. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense involves a controlled substance or a firearm.  The offenses with which the defendant is charged involve both controlled substances and firearms, therefore, the first of the § 3142(g) factors weighs in favor of detention.

## The Weight of the Evidence Against the Defendant

6. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant.  The government submits that the evidence against the defendant is strong.

7. On May 5, 2022, the defendant was the passenger in the rear seat of a car that was occupied by his co-defendants Marvel Sherrell, Nicholas Nixon, and Arion Strickland.  The four defendants fled from the police when they attempted to stop the car.  During the flight from police officers, two firearms were thrown out the front window and the back window of the car.  The firearms were later recovered and determined to be a Romarm/Cugir Micro Draco loaded with 47 rounds and a Kel Tec rifle loaded with 34 rounds.  Co-defendant Nicholas Nixon threw more than

one hundred grams of fentanyl out of the window of the car prior to the car stopping after spike strips were deployed on two occasions. The defendant was placed under arrest and a privately made AR style firearm that had been adapted to function as a fully automatic weapon was located in the door pocket next to where he was sitting. The machine gun was loaded with 36 rounds of ammunition.

### The Nature and Seriousness of the Danger to the Community

8. On May 5, 2022, the defendant was a passenger in a car that drove at high rates of speed, violated multiple traffic signals, and struck another vehicle. There were several firearms inside the vehicle and the defendant was in possession of a fully-loaded automatic weapon. Co-defendant Nicholas Nixon also threw more than 100 grams of fentanyl contained in over 1,000 pills out of the window.

9. The defendant participated in an ongoing conspiracy to distribute large quantities of fentanyl and possessed one or more firearms during the course of the drug trafficking conspiracy.

10. The safety of the community would clearly be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

11. The defendant is facing a lengthy prison sentence, therefore, the risk of flight is significant.

### Conclusion

12. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is a presumption of detention and there is clear and convincing evidence that no condition or

combination of conditions will reasonably assure the safety of any other person and the community. Additionally, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in court.

        Respectfully submitted,
        SAYLER A. FLEMING
        United States Attorney

        */s/ Jeannette S. Graviss*
        JEANNETTE S. GRAVISS, #44483(MO)
        Assistant United States Attorney